IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01850-WYD-MEH

VENICE PI, LLC,

    Plaintiff,

v.

JOHN DOES 1–6, 8–14, 16–25,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Defendant John Doe 2, through counsel, has filed a motion seeking to quash the subpoena Plaintiff served on his internet service provider ("ISP"), Comcast, regarding subscriber IP Address 73.95.135.48. Primarily, John Doe 2 argues he is a resident of Minnesota and, thus, the Court has no personal jurisdiction over him. John Doe 2 also argues the Plaintiff fails to allege sufficient facts demonstrating a *prima facie* copyright infringement claim, has not shown reliable methodology in identifying potential defendants, and has improperly joined the Defendants in this case. The Court finds John Doe 2 has failed to articulate how these arguments are proper objections to a subpoena served pursuant to Fed. R. Civ. P. 45 but, nevertheless, the Court did consider the latter three in analyzing whether the subpoena was proper, then permitted Plaintiff to serve the subpoena. The Court then concluded the Plaintiff properly demonstrated specificity and good cause in seeking discovery for the identities of purported infringers. Here, the Court finds no basis on which to quash the subpoena and will deny John Doe 2's motion.

    As for whether Plaintiff has alleged a plausible copyright claim or used a "reliable" method

for identifying the Defendants, such information remains subject to proof through this action. As in any other action, the plaintiff need not prove a defendant committed the alleged wrongdoing before engaging in discovery. Certainly, through such early discovery, the Plaintiff can obtain information from the named Defendant him- or herself concerning whether the Defendant actually committed the infringement. The Court concludes its order granting pre-Rule 26 discovery is proper and based on sufficient specificity and good cause demonstrated by the Plaintiff.

Regarding whether the Defendants are properly joined, first (and most importantly), the plain language of Rule 45 does not authorize the Court to quash a subpoena based on misjoinder. Fed. R. Civ. P. 45(d)(3)(A) requires the Court to quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. No other grounds are listed.

In this district, a party has no standing to quash a subpoena served on a third party, except as to claims of privilege or upon a showing that a privacy issue is implicated. *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) ("[a]bsent a specific showing of a privilege or privacy, a court cannot quash a subpoena duces tecum"); *see also Broadcort Capital Corp. v. Flagler Secs., Inc.*, 149 F.R.D. 626, 628 (D. Colo. 1993). Other courts in the Tenth Circuit have held that a party has standing to challenge a subpoena served on a third party only on the basis of privilege, personal interest, or proprietary interest. *Howard v. Segway, Inc.*, No. 11-CV-688-GFK-PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012) (citing *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18 (D.D.C. 2005)).

Objections unrelated to a claim of privilege or privacy interests are not proper bases on

2

which a party may quash a subpoena. *Windsor*, 175 F.R.D. at 668; *see also Oliver B. Cannon & Son, Inc. v. Fidelity & Cas. Co. of New York*, 519 F. Supp. 668, 680 (D.C. Del. 1981) (movant lacks standing to raise objections unrelated to any right of privilege). Thus, even where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the bases of relevance or undue burden. *Howard*, 2012 WL 2923230, at *2 ; *see also Malibu Media, LLC v. John Does 1-15*, No. 12-2077, 2012 WL 3089383, at *8 (E.D. Pa. July 30, 2012) (noting that a defendant seeking to quash a subpoena on an internet service provider "is not faced with an undue burden because the subpoena is directed at the internet service provider and not the [d]efendant.").

Comcast, the recipient of the subpoena, has not objected to its terms. John Doe 2's objection regarding misjoinder, in addition to being improper under Rule 45, is also misplaced here. The Court observes that severing defendants would delay, but not eliminate, Plaintiff's efforts to obtain John Doe 2's identifying information from Comcast. Simply put, severance affects the timing of disclosure but not the underlying right. In this context, such a delay may prove fatal to Plaintiff's claims insofar as the information Plaintiff seeks is subject to destruction. Given the inevitable disclosure of the information at issue in this subpoena, it seems judicial efficiency is best promoted by declining to reach the question of joinder at this time.

Likewise, John Doe 2's argument that the Court lacks personal jurisdiction does not persuade the Court to quash the subpoena. Even if it were a proper objection, John Doe 2's affidavit (if the Court were to overrule a hearsay objection) and the Plaintiff's investigator's affidavit raise a question of material fact as to whether the infringement occurred in Colorado and, thus, whether the

Court has personal jurisdiction over John Doe 2 as a Defendant in this case.[1] With this limited evidence and at this stage of the litigation, the Court may not make findings as to John Doe 2's personal jurisdiction argument.

Certainly, just as John Doe 2 has a right to defend him- or herself in a civil lawsuit and even if there is no ultimate liability, "Plaintiff has a constitutional right to file a lawsuit and engage in discovery to determine whether a defendant or someone using a defendant's IP address infringed on its protected works," provided the Plaintiff has a good-faith basis under Rule 11 for bringing suit. *Malibu Media, LLC v. Maness*, No. 12-cv-01873-RBJ-MEH, 2012 WL 7848837, at *6 (D. Colo. Dec. 4, 2012), *recommendation adopted by* 2013 WL 1397275 (D. Colo. Apr. 5, 2013). Similarly, Plaintiff shares the same right as all litigants to settle or dismiss its claims before engaging in discovery and prior to the filing of any dispositive motions. *Id*.

For these reasons, the Court finds that John Doe 2 has not met his or her burden of showing that the Court should quash the subpoena Plaintiff served on Comcast in this case. Therefore, Defendant John Doe 2's Motion to Quash Comcast Subscriber IP Address 73.95.135.48 [filed September 20, 2017; ECF No. 18] is **denied**.

Entered and dated at Denver, Colorado, this 30th day of October, 2017.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[1] Although permitted to do so, John Doe 2 did not file a reply brief responding to Plaintiff's arguments in this respect.